1   Jack Supinger
2   771 Tokay Ave.
    Ukiah, Ca 95482
3   916-595-2743

FILED

OCT 12 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



4       **UNITED STATES DISTRICT COURT**

5       **NORTHERN DISTRICT OF CALIFORNIA**

6   Jack Supinger                    CV 17      5866      NJV

7                                    Case No:

8       Plaintiff,                   **PLAINTIFF'S VERIFIED**
        v.                           **COMPLAINT**

9   1. EQUIFAX;                      **DEMAND FOR TRIAL BY JURY**
10  2. KELSTIN GROUP, INC., dba
    CREDIT BUREAU ASSOCIATES,
11  dba FAIRFIELD COLL DEPT.
        Defendants,
12

13              **VERIFIED COMPLAINT**
14
15      1.  Plaintiff Jack Supinger, individually hereby sues defendant EQUIFAX, and
16          defendant KELSTIN GROUP, INC, dba CREDIT BUREAU ASSOCIATES, dba
17          FAIRFIELD COLL DEPT. (hereinafter "CBA"), for violations of the Fair Credit
18          Reporting Act 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), the Fair Debt
19          Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"),
20          Consumer Credit Reporting Agencies Act; California Civil Code § 1785, *et seq*
21          (hereinafter "CCRAA"). and the Rosenthal Fair Debt Collection Practices Act:
22          California Civil Code § 1788, *et seq* (hereinafter "RFDCPA").
23
24              **NATURE OF CASE**
25      2.  This is an action for damages and injunctive relief brought by plaintiff against
26          defendant EQUIFAX for violations of the FCRA, and defendant CBA for
27          violations of the FCRA, CCRAA, FDCPA, and the RFDCPA.
28

3. Plaintiff seeks to recover monetary damages for defendant's violations of the FCRA, CCRAA, FDCPA, and the RFDCPA.

4. Upon information and belief, plaintiff contends that many of these practices are widespread and common actions of defendants.

## JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1367, CCRAA § 1785.31, and RFDCPA § 1788.30(f).

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), Plaintiff resides within this district, and both defendants conduct business within this district.

## PARTIES

7. Plaintiff is a natural person who is a resident within this district and is a "consumer" as that term is defined by the FDCPA 15 U.S.C. § 1692a(3), the CCRAA § 1785.3(b), as well as the FCRA 15 U.S.C. § 1681a(c).

8. Plaintiff is a "debtor" as defined by the RFDCPA § 1788.2(h).

9. Defendant CBA is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(3), and the RFDCPA § 1788.2(c), and regularly collects or attempts to collect debts allegedly owed to it, or others.

10. Defendant CBA is a "furnisher of information" as defined by the FCRA 15 U.S.C. § 1681s-2.

11. Defendant CBA is a "person" as defined by the CCRAA § 1785.3(j).

12. Defendant CBA is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from plaintiff, as defined by the FDCPA 15 U.S.C. § 1692a(5), and the RFDCPA § 1788.2(d).

13. Defendant EQUIFAX is a "consumer reporting agency" as defined by the FCRA 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS: EQUIFAX

14. On or about 07/10/2016, plaintiff received a free copy of his EQUIFAX credit report from WWW.ANNUALCREDITREPORT.COM.

15. Plaintiff then noticed an entity that he did not recognize, that entity being defendant CBA, had been reporting an alleged debt to EQUIFAX. (See Exhibit A)

16. On or about 08/15/2016, plaintiff sent a certified letter to EQUIFAX which was received by EQUIFAX on or about 08/19/2016, (See exhibit C), disputing the alleged debt being reported by CBA, requesting investigation pursuant to 15 U.S.C § 1681i(a), and also requesting "account level documentation" of the alleged debt. (See Exhibit B)

17. Subsequently, between September 2016 and June 2017, plaintiff sent no less than 5 additional letters to EQUIFAX, requesting investigation and documentation of the alleged debt being reported by CBA, pursuant to 15 U.S.C § 1681i(a).

18. Defendant EQUIFAX did not conduct reasonable investigation(s), nor did it send plaintiff any of the documentation he requested in his numerous letters, in violation of 15 U.S.C § 1681i(a).

19. Defendant EQUIFAX allowed defendant CBA to unlawfully report on plaintiff's credit report for 11 months, each of those reports being a violation of 15 U.S.C § 1681i(a).

20. EQUIFAX knew, or should have known that the information furnished by CBA was inaccurate.

21. EQUIFAX willfully, or in the alternative negligently violated 15 U.S.C § 1681i(a) 11 times by failing to investigate plaintiffs disputes.

## FACTUAL ALLEGATIONS: KELSTIN GROUP, INC; dba CREDIT BUREAU ASSOCIATES "CBA"

22. On or about 08/15/2016, plaintiff sent a certified letter to CBA, disputing the alleged debt it was reporting to EQUIFAX, and requested "account level documentation" and validation pursuant to 15 U.S.C § 1681s-2(b), (See Exhibit E), which was received by CBA on or about 08/19/2016. (See Exhibit F)

23. CBA refused and failed to respond to plaintiff's dispute letter within 30 days of receipt of the letter, consequently violating 15 U.S.C § 1692(g).

24. CBA claimed that plaintiff allegedly owed a debt of $47.00, but made no attempt to explain how that amount was calculated.

25. CBA then continued to report on plaintiffs credit report for the next 10 months, thus violating 15 U.S.C § 1692(g) an additional 10 times, and violating 15 U.S.C § 1681s-2(b) an additional 10 times.

26. CBA failed to respond to plaintiff with any information at any time, yet continued to report erroneous and derogatory information to EQUIFAX.

27. CBA failed to conduct a proper investigation pursuant to 15 U.S.C § 1681s-2(b).

28. CBA furnished information to EQUIFAX that it knew, or should have known was inaccurate, subsequently violating the CCRAA § 1785.25.

29. The RFDCPA § 1788.17 requires strict compliance with the FDCPA.

30. By violating the FDCPA, CBA also violated the RFDCPA each time it violated the FDCPA.

31. CBA willfully, or in the alternative negligently violated the FCRA 11 times.

32. CBA willfully, or in the alternative negligently violated the FDCPA 11 times.

33. CBA willfully, or in the alternative negligently violated the RFDCPA 11 times.

34. CBA willfully, or in the alternative negligently violated the CCRAA 11 times.

35. CBA also violated 15 U.S.C § 1681-2(a) 11 times, however plaintiff seeks no relief regarding these violations.

## COUNT 1
## VIOLATIONS OF THE FCRA BY EQUIFAX

36. Plaintiff incorporates the preceding paragraphs.

37. EQUIFAX failed to conduct proper investigation of plaintiff's dispute letters.

38. EQUIFAX willfully, or in the alternative negligently violated 15 U.S.C § 1681i(a) 11 times.

39. **WHEREFORE**, plaintiff demands judgment in his favor against EQUIFAX as follows pursuant to 15 U.S.C. § 1681n, or in the alternative, pursuant to 15 U.S.C. § 1681o:

- Award plaintiff statutory damages of $1,000 for each violation of the FCRA;

- Attorney's fees and costs of this action;

- Punitive damages, as the Court deems appropriate.

- Any further relief this Court deems necessary, and actual damages as they may bear.

### COUNT 2
### VIOLATIONS OF THE FCRA BY CBA

40. Plaintiff incorporated the preceding paragraphs.

41. CBA willfully, or in the alternative negligently failed to conduct a proper investigation pursuant to 15 U.S.C § 1681s-2(b).

42. CBA willfully, or in the alternative negligently continued to furnish inaccurate information to EQUIFAX.

43. CBA willfully, or in the alternative negligently continued collection attempts without proper validation of the alleged debt in question.

44. CBA committed 11 separate violations of the FCRA.

45. **WHEREFORE**, plaintiff demands judgment in his favor against CBA as follows pursuant to 15 U.S.C. § 1681n, or in the alternative, pursuant to 15 U.S.C. § 1681o:

- Award plaintiff statutory damages of $1,000 for each violation of the FCRA;

- Attorney's fees and costs of this action;

- Punitive damages, as the Court deems appropriate.

- Any further relief this Court deems necessary, and actual damages as they may bear.

### COUNT 3
### VIOLATIONS OF THE FDCPA BY CBA

44. Plaintiff incorporated the preceding paragraphs.

45. On or about 08/15/2016, plaintiff sent a certified letter to CBA, disputing an alleged debt it was reporting to EQUIFAX.

46. CBA refused and failed to respond to plaintiff's dispute letter within 30 days of receipt of the letter, consequently violating 15 U.S.C § 1692(g).

47. Each time CBA furnished information to EQUIFAX following the initial violation of the FDCPA, constitutes a collection attempt, thus restarting the FDCPA statute of limitations.

48. CBA continued furnishing information to EQUIFAX for the next 10 months, following the initial FDCPA violation, totaling 11 separate violations of the FDCPA.

49. **WHEREFORE**, plaintiff demands judgment in his favor against CBA as follows pursuant to 15 U.S.C. § 1692k:

• Award plaintiff statutory damages of $1,000 for each violation of the FDCPA;

• Attorney's fees and costs of this action;

• Punitive damages, as the Court deems appropriate.

• Any further relief this Court deems necessary, and actual damages as they may bear.

### COUNT 4
### VIOLATIONS OF THE RFDCPA BY CBA

50. Plaintiff incorporated the preceding paragraphs.

51. The RFDCPA § 1788.17 states:

"Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

52. By violating FDCPA 15 USC § 1692g, CBA subsequently violated the RFDPA § 1788.17, which requires strict compliance with the FDCPA.

53. CBA committed 11 separate violations of the RFDCPA.

54. **WHEREFORE,** plaintiff demands judgment in his favor against CBA as follows pursuant to RFDCPA § 1788.30(b):

- Award plaintiff statutory damages of $1,000 for each violation of the RFDCPA;

- Attorney's fees and costs of this action;

- Punitive damages, as the Court deems appropriate.

- Any further relief this Court deems necessary, and actual damages as they may bear.

## COUNT 5
## VIOLATIONS OF THE CCRAA BY CBA

55. Plaintiff incorporated the preceding paragraphs.

56. CBA violated CCRAA § 1785.25 by furnishing information to EQUIFAX that it knew or should have known to be false or inaccurate.

57. CBA violated the CCRAA 11 separate times.

58. **WHEREFORE,** plaintiff demands judgment in his favor against CBA as follows pursuant to CCRAA § 1785.31:

- Award plaintiff statutory damages of $1,000 for each violation of the CCRAA;

- Attorney's fees and costs of this action;

- Punitive damages, as the Court deems appropriate.

- Any further relief this Court deems necessary, and actual damages as they may bear.

## TRIAL BY JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully,

Jack Supinger

Date: 10/1/17

## VERIFICATION OF COMPLAINT

1. My name is Jack Supinger, plaintiff herein.

2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

Jack Supinger

10/1/17
Date

9